Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| TORSTEN KAMRATH, an Individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ADDICTIONS RECOVERY CENTER, INC.,<br>a corporation,<br><br>　　　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $147,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Torsten Kamrath, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**INTRODUCTION**

This case goes to the heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the controversies surrounding management of the COVID-19 pandemic and vaccine mandates. In the end, this case is about the Plaintiff and the unlawful religious discrimination he suffered at the hands of his employer, Addictions Recovery

Center (ARC).

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Torsten Kamrath, lives in Jackson County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about August 29, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Jackson County, Oregon.

3.

At all times material to this Complaint, Defendant American Medical Response was regularly conducting business in the State of Oregon, specifically in Medford, Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff was employed by ARC for approximately six years as a Certified Recovery Mentor and Peer Support Specialist. During those years he was awarded Employee of the Month twice and was nominated for the Heartbeat Award.

6.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of his faith to the best of his ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with his work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities.

9.

Plaintiff was exposed to the harsh realities of the pandemic on a day-to-day basis, including the risk that he may become infected with the virus. Despite the risks, Plaintiff continued to provide an exceptional quality of work for Defendant. Like so many health care workers during the pandemic, Plaintiff adjusted his life to best ensure the safety of his patients and colleagues. Plaintiff did so with little thought to his own self because of his dedication to his work.

10.

For eighteen months, Plaintiff scrupulously followed all rules and regulations to protect against infection, which included the wearing of personal protective equipment (PPE), hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

11.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for religious exceptions. Plaintiff had serious objections to taking the vaccine because of his deeply held Christian beliefs. On or about September 1, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted. However, instead of granting and accommodating Plaintiff's religious beliefs, Defendant terminated Plaintiff on October 15, 2021.

12.

The termination of Plaintiff's pay and benefits has had a significantly negative impact on his life. Although Plaintiff applied for unemployment benefits, he did not receive a hearing for

being fired for "misconduct" until September 2022, when the judge awarded him benefits. Plaintiff has lost the career he loved and was out of work for a year. Before his termination, Plaintiff was earning approximately $20.69 hourly, plus benefits, for an annual salary of approximately $43,000.00. Plaintiff has suffered mental and emotional distress from his treatment by Defendant, including being labeled a danger to his clients and coworkers due to his inability to get the COVID-19 vaccine because of his religious beliefs.

13.

The Defendant has yet to explain why, in its view, after over a year of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating him being placed on unpaid administrative leave, and then terminated.

14.

The Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on his sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

15.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress.

16.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

17.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

18.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

19.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with masking or face shields, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

20.

Instead of finding reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being placed on unpaid administrative leave, and then terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful effective termination.

21.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff incurred economic damages of no less than $47,000.00 and non-economic damages of no less than $100,000.00, for or an amount to be determined at trial for emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

22.

**SECOND CLAIM FOR RELIEF**

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

23.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

24.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

25.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with masking, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

26.

Instead of finding reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in placing Plaintiff on unpaid administrative leave, then termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

27.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial for economic damages of no less than $47,000.00 and non-economic damages of no less than $100,000.00, or in an amount to be determined at trial for

emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 16th day of October, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff