IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TORSTEN KAMRATH, an Individual,

    Plaintiff,

v.

ADDICTIONS RECOVERY CENTER,
INC., a corporation,

    Defendant.

Case No. 1:23-cv-01516-MC

OPINION & ORDER

**MCSHANE, District Judge:**

    Plaintiff Torsten Kamrath brings religious discrimination claims under Title VII of the Civil Rights Act and Oregon law against his former employer, Defendant Addictions Recovery Center, Inc. Pl.'s Compl. ¶¶ 16, 22, ECF No. 1. Plaintiff alleges that Defendant unlawfully terminated his employment when he declined, based on a sincerely held religious belief, to take the COVID-19 vaccine. *Id.* ¶¶ 11, 14. Defendant moves to dismiss. Def.'s Mot. to Dismiss 1–2, ECF No. 7. Because Plaintiff fails to sufficiently allege a conflict between his sincerely held religious beliefs and the COVID-19 vaccine, Defendant's Motion to Dismiss (ECF No. 7) is GRANTED.

**I.    BACKGROUND**

    Plaintiff Torsten Kamrath was employed by Addictions Recovery Center for approximately six years as a Certified Recovery Mentor and Peer Support Specialist. Pl.'s

1 – OPINION & ORDER

Compl. ¶ 5. Plaintiff is a "devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of his faith to the best of his ability." *Id.* ¶ 6. In the summer of 2021, Defendant announced that they would be implementing and enforcing a COVID-19 vaccine mandate in the workplace, except for employees with approved religious exemption requests. *Id.* ¶ 11. In September 2021, Plaintiff formally sought a religious exemption to the mandate. *Id.* Defendant denied the exemption and, on October 15, 2021, terminated Plaintiff's employment. *Id*.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**III. DISCUSSION**

Defendant argues that Plaintiff failed to state a prima facie case of religious discrimination under state or federal law. Def.'s Mot. to Dismiss 4; Def.'s Reply to Mot. To Dismiss, 1–2, ECF No. 9. Because Plaintiff does not allege sufficient facts to establish that his sincerely held religious beliefs actually conflicted with an employment duty, the Court agrees.

Title VII and Oregon law make it unlawful for an employer to discharge an employee because of their religion. 42 U.S.C. § 2000e-2(a)(1); Or. Rev. Stat. 659A.03(1)(a).[1] The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004). Title VII failure-to-accommodate claims are analyzed under a two-part, burden-shifting framework. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). A plaintiff must first plead a prima facie case of religious discrimination. *Id.* If an employee articulates a prima facie case, the burden then shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id.*

To assert a prima facie failure-to-accommodate claim under Title VII, a plaintiff must allege that: (1) they "had a bona fide religious belief, the practice of which conflicted with an employment duty;" (2) they "informed [their] employer of the belief and conflict;" and (3) "the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action because of [their] inability to fulfill the job requirement." *Peterson*, 358 F.3d at 606. "A bona

---

[1] Courts analyze claims brought under Or. Rev. Stat. section 659A.030(1)(a) using the same framework utilized for claims brought under Title VII. *Detwiler v. Mid-Columbia Med. Ctr.*, No. 22-cv-1306, 2022 WL 19977290, at *3 (D. Or. Dec. 20, 2022), *report and recommendation adopted*, 2023 WL 3687406 (D. Or. May 26, 2023).

3 – OPINION & ORDER

fide religious belief is one that is 'sincerely held.'" *Kather v. Asante Health Sys.*, No. 1:22-cv-1842, 2023 WL 4865533, at *3 (D. Or. July 28, 2023).

Both the Supreme Court and Ninth Circuit have cautioned against second-guessing the reasonableness of an individual's asserted religious beliefs. "The Court's 'narrow function . . . is to determine' whether the line drawn reflects 'an honest conviction.'" *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) (citation omitted). Courts "are not and should not be in the business of deciding whether a person holds religious beliefs for the 'proper' reasons." *EEOC Guidance*, § 12-I(A)(2). A plaintiff's religious belief need not be logical, consistent, or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted. *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 714 (1981).

However, a court need not take "conclusory assertions of violations of religious beliefs at face value." *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). A "threadbare reference" to the plaintiff's religious beliefs is insufficient. *Gage v. Mayo Clinic*, No. 22-cv-2091, 2023 WL 3230986, at *3 (D. Ariz. May 3, 2023); *Kather*, 2023 WL 4865533, at *5 ("[V]ague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations.").

Title VII does not protect medical, economic, political, or social preferences. *See Tiano*, 139 F.3d at 682; *Detwiler*, 2022 WL 19977290, at *4 (finding plaintiff's objection to regular COVID-19 antigen testing to be secular because they believed the tests were carcinogenic and would cause more harm than good); *Ruscitti v. Legacy Health*, No. 3:23-cv-787, 2023 WL 8007620, at *4 (D. Or. Sept. 27, 2023) (quoting *Passarella v. Aspirus, Inc.*, 2023 WL 2455681, at *5–6 (W.D. Wisc. Mar. 10, 2023)), ("the use of religious vocabulary does not elevate a

personal medical judgment to a matter of protected religion"), *findings and recommendations adopted*, 2023 WL 8006269 (Nov. 16, 2023); *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 215–16 (1972) (noting that a plaintiff's claims must originate from religious beliefs rather than "'purely secular' philosophical concerns").

In the present case, although Plaintiff identifies as "devoutly religious," he fails to explain how practicing his Christian beliefs actually conflicted with the employment requirement to take the COVID-19 vaccine. *See* Pl.'s Compl. ¶¶ 6, 11. Indeed, the sum total of Plaintiff's allegations supporting his sincerely held religious belief consists of: "Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of his faith to the best of his ability" and "Plaintiff had serious objections to taking the vaccine because of his deeply held religious beliefs." *Id.* Such "[g]eneral references to Christianity do not meet even a 'fairly minimal' burden at the pleading stage, as such allegations are conclusory and fail plausibly to suggest that a plaintiff's anti-vaccination beliefs are in fact religious." *Stephens v. Legacy-GoHealth Urgent Care*, No. 3:23-cv-206, 2023 WL 7612395, at *11 (D. Or. Oct. 23, 2023), *findings and recommendations adopted as clarified by*, 2023 WL 7623865 (Nov. 14, 2023); *Trinh v. Shriners Hosps. for Child.*, No. 3:22-cv-01999, 2023 WL 7525228, at *I10–11 (D. Or. Oct. 23, 2023), (granting motion to dismiss in Title VII claim where plaintiff was "devoutly" religious and objected to taking the COVID-19 vaccine because it would "*constitute violating her bodily integrity and tainting the purity of her body*") (emphasis in original), *findings and recommendations adopted*, 2023 WL 7521441 (Nov. 13, 2023).

Because Plaintiff fails to include any specific factual allegations demonstrating an actual conflict between his religious belief(s) and his employer's vaccine mandate, he fails to establish the first element of a prima facie case of religious discrimination under Title VII or Oregon law. However, because Plaintiff did not include a copy of his religious exception request with his Complaint, the Court cannot determine whether amendment would be futile. The Court therefore grants Plaintiff leave to amend.

## IV.   CONCLUSION

Defendant's Motion to Dismiss (ECF No. 7) is GRANTED in part.[2] Plaintiff has 14 days to file an amendment complaint.

IT IS SO ORDERED.

DATED this 5th day of March, 2024.

_____/s/ Michael McShane_____

Michael McShane
United States District Judge

---

[2] Although Defendant argues any accommodation was, as a matter of law, an undue hardship, the Court agrees with numerous judges in the District of Oregon that generally, an undue hardship affirmative defense is properly raised at summary judgment (as opposed to a motion to dismiss). *See, e.g., Brown v. NW Permanente, P.C.*, No. 3:22-cv-986-SI, 2023 WL 6147178, at *4 (D. Or. Sept. 20, 23); *Devito v. Legacy Health*, No. 3:22-cv-01983-YY, 2024 WL 687943, at *5–6 (D. Or. Feb. 19, 2024); *MacDonald v. Oregon Health & Sci. Univ.*, No. 3:22-cv-01942-IM, 2023 WL 5529959, at *5 (D. Or. Aug. 28, 2023). As in those cases, the Court will consider targeted discovery if needed on that issue. *See also Kather*, No. 1:22-cv-01842-MC, ECF No. 45 (Nov. 6, 2023 minute order granting employer's motion for phased discovery on question of undue hardship).