IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TORSTEN KAMRATH, an Individual,

Plaintiff,

Case No. 1:23-cv-01516-MC

v.

OPINION & ORDER

ADDICTIONS RECOVERY CENTER, INC., a corporation,

Defendant.

---

**MCSHANE, District Judge:**

Plaintiff Torsten Kamrath brings religious discrimination claims under Title VII of the Civil Rights Act and Oregon law against his former employer, Defendant Addictions Recovery Center, Inc. First Am. Compl. ("FAC"), ECF No. 11. Plaintiff alleges that Defendant unlawfully terminated his employment when he declined, based on a sincerely held religious belief, to take the COVID-19 vaccine. *Id.* ¶ 16. Defendant again moves to dismiss.[1] Def.'s Mot. to Dismiss, ECF No. 2. Because Plaintiff again fails to sufficiently allege a conflict between his sincerely held religious beliefs and the COVID-19 vaccine, Defendant's Motion to Dismiss (ECF No.12) is GRANTED.

[1] As discussed below, the Court granted Defendant's Motion to Dismiss Plaintiff's original Complaint. Op. & Order, ECF No. 10.

## I. BACKGROUND

Plaintiff Torsten Kamrath was employed by Addictions Recovery Center for approximately six years as a Certified Recovery Mentor and Peer Support Specialist. Pl.'s Compl. ¶ 5. Plaintiff is a "devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of his faith to the best of his ability." *Id.* ¶ 6. In the summer of 2021, Defendant announced that they would be implementing and enforcing a COVID-19 vaccine mandate in the workplace, except for employees with approved religious exemption requests. *Id.* ¶ 11. In September 2021, Plaintiff formally sought a religious exemption to the mandate. *Id.* Defendant denied the exemption and, on October 15, 2021, terminated Plaintiff's employment. *Id*.

Plaintiff then filed this action and Defendant moved to dismiss for failure to state a claim. In granting Defendant's motion to dismiss the original Complaint, the Court noted:

> In the present case, although Plaintiff identifies as "devoutly religious," he fails to explain how practicing his Christian beliefs actually conflicted with the employment requirement to take the COVID-19 vaccine. *See* Pl.'s Compl. ¶¶ 6, 11. Indeed, the sum total of Plaintiff's allegations supporting his sincerely held religious belief consists of: "Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of his faith to the best of his ability" and "Plaintiff had serious objections to taking the vaccine because of his deeply held religious beliefs." *Id.* Such "[g]eneral references to Christianity do not meet even a 'fairly minimal' burden at the pleading stage, as such allegations are conclusory and fail plausibly to suggest that a plaintiff's anti-vaccination beliefs are in fact religious." *Stephens v. Legacy-GoHealth Urgent Care*, No. 3:23-cv-206, 2023 WL 7612395, at *[6] (D. Or. Oct. 23, 2023), *findings and recommendations adopted as clarified by*, 2023 WL 7623865 (Nov. 14, 2023); *Trinh v. Shriners Hosps. for Child.*, No. 3:22-cv-01999, 2023 WL 7525228, at *I10–11 (D. Or. Oct. 23, 2023), (granting motion to dismiss in Title VII claim where plaintiff was "devoutly" religious and objected to taking the COVID-19 vaccine because it would "*constitute violating her bodily integrity and tainting the purity of her body*") (emphasis in original), *findings and recommendations adopted*, 2023 WL 7521441 (Nov. 13, 2023).

ECF No. 10, 5.

Plaintiff's FAC adds an allegation containing his statement to Defendant explaining why he required a religious exception. FAC ¶ 11. Once again, Defendant moves to dismiss.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## III. DISCUSSION

To assert a prima facie failure-to-accommodate claim under Title VII, Plaintiffs must allege that (1) she "had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) [she] informed [her] employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected [her] to an adverse employment action

because of [her] inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004). "According to the EEOC, 'a bona fide religious belief is one that is sincerely held.'" *Stephens*, 2023 WL 7612395, at * 3 (quoting U.S. Equal Emp. Opportunity Comm'n, EEOC-CVG-2023-3, Section 12: Religious Discrimination, § 12-1(A)(2) (Jan. 15, 2021) (cleaned up)).

The Supreme Court and the Ninth Circuit have each cautioned against second-guessing the reasonableness of an individual's asserted religious beliefs. *See e.g.*, *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) (noting the Court's "narrow function in this context is to determine whether the line drawn reflects an honest conviction[.]") (cleaned up); *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) ("we do not interrogate the reasonableness of [Plaintiff's] beliefs and instead focus our inquiry on whether she has alleged an actual conflict."). However, a court need not take "plaintiffs' conclusory assertions of violations of their religious beliefs at face value." *Bolden-Hardge*, 63 F.4th at 1223. Similarly, a "threadbare reference" to a plaintiff's religious beliefs is insufficient to satisfy the first element of a prima facie case for Title VII discrimination. *Gage v. Mayo Clinic*, No. CV-22-02091-PHX-SMM, 2023 WL 3230986, at *3 (D. Ariz. May 3, 2023) (citing *Iqbal*, 556 U.S. at 678).

Title VII does not protect medical, economic, political, or social preferences. *See Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998); *see also Detwiler*, 2022 WL 19977290, at *4 (finding plaintiff's objection to regular COVID-19 antigen testing to be secular—as opposed to a "sincere religious opposition"— because they believed the tests were carcinogenic and would cause more harm than good) *report and recommendation adopted*, 2023 WL 3687406 (D. Or. May 26, 2023); *Ruscitti v. Legacy Health*, No. 3:23-cv-00787-JR, 2023

WL 8007620 (D. Or. Sept. 27, 2023), *report and recommendation adopted*, 2023 WL 8006269 (D. Or. Nov. 16, 2023) (listing cases and noting "the use of religious vocabulary does not elevate a personal medical judgment to a matter of protected religion") (quoting *Passarella v. Aspirius, Inc.*, 22-cv-342-jdp, 2023 WL 2455681, at *5-6 (W.D. Wis. Mar. 10, 2023)).

Plaintiff's FAC contains further context regarding his requested exception. Plaintiff alleges he "had serious objections to taking the vaccine because of his deeply held Christian beliefs. Plaintiff's role as a minister and his unshakeable faith in God's ability to keep him safe from the COVID-19 virus without taking the vaccine was directly related to his opposition to taking the COVID-19 vaccine." FAC ¶ 11. Additionally, for the first time, Plaintiff includes his request for an exception. Plaintiff informed Defendant:

> I, Torsten W. Kamrath have been an active member and ordained minister (Reverend) since September 7th of 2010. I have been ministering to people, performing ceremonies and funerals, giving solace, suggestions and counsel as such Reverend. With the people I minister to, it is my most important belief to do so with the integrity of :Not [sic] to judge, not to discriminate, not to condemn, not to coerce and not to force. My belief and ministering is non-denominational and practiced accordingly to the best of my daily doings, my belief and knowledge. My Creator has provided so far with what is necessary and I believe it has shown since March of 2020 [sic]. Through faith, prayer and practice I have been able to perform my duties at work and remained healthy without a vaccination. It is my belief that this vaccination is of no integral good for my body, my spirituality or person in general.

*Id.* (emphasis omitted).

The Court certainly accepts as true that Plaintiff believed his Creator kept Plaintiff healthy despite Plaintiff's choice to not receive the vaccine. But this belief presents no conflict with Defendant's vaccine mandate. Stated differently, Plaintiff's specific factual allegation that "[t]hrough faith, prayer and practice I have been able to perform my duties at work and remained healthy without a vaccination" does not present an "actual conflict" with Defendant's

requirement that, barring a valid exception, employees must be vaccinated. And Plaintiff's allegation that "It is my belief that this vaccination is of no integral good for my body, my spirituality or person in general" is the type of "conclusory assertions of violations of his religious beliefs" that the Court need not take "at face value." *Bolden-Hardge*, 63 F.4th at 1223; *see Kather v. Asante Health Sys*., No. 1:22-cv-01842-MC, 2023 WL 4865533, *5 (D. Or. July 28, 2023) (statements related to employer being in no position "to judge the Word of God" and mandate was "blasphemy, satanic, sinful, untruth" failed to allege any religious-based conflict because "vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations.").

Concerns based on the vaccine's potential to damage Plaintiff's body (or even his "spirituality or person in general") differ from concerns this Court previously found to be based on a valid, religious conflict with the mandate. *See Bird v. Randol*, No. 6:23-CV-1678-MC, 2024 WL 964244 (D. Or. Mar. 6, 2024) (plaintiff adequately pled a sincerely held religious beliefs when she informed her employer, "'the Holy Spirit has moved on my heart and conscience that I must not accept the COVID vaccine,' and that she would be 'jeopardizing my relationship with God' if she were 'to go against the moving of the Holy Spirit.'" (cleaned up)); *see also Kather*, 2023 WL 4865533, *4–5 (finding Plaintiffs adequately alleged a religious conflict with an employment duty by alleging "Satan is at work with the whole forceful COVID-19 mandate" and explaining receiving the vaccine conflicted with "sincerely held religious belief not to interfere with the function of the human immune system which God created."). Plaintiff's statement that "It is my belief that this vaccine is of no integral good for my body, my spirituality or person in general" falls well short of affirmative statements that some religious entity directed someone to

not take the vaccine. The latter, affirmative allegations meet the "minimal burden" because they allege an actual conflict with a vaccine mandate. The former statements, relating instead to a general belief that the vaccine is "of no integral good," do not.

To summarize, the Court agrees with numerous judges in this district that concerns about the vaccine's side effects and safety are unprotected medical beliefs, rather than protected religious beliefs. *See Detwiler*, 2023 WL 7221458 at *6 (acknowledging Plaintiff's sincerely held religious belief that "her body is a temple of the Holy Spirit" but concluding her objection to carcinogenic substance in vaccine "was not, in this case, premised on the Bible or any other religious tenet or teaching, but rather on her research-based scientific/medical judgments."), *report and recommendation adopted*, 2023 WL 7220734 (D. Or. Nov. 2, 2023); *see also Craven v. Shriners Hosps. for Child.*, No. 3:22-cv-01619-IM, 2024 WL 21557 at *4 (D. Or. Jan. 2, 2024) (despite religious conviction that Plaintiff's "body is a temple of the Holy Spirit," plaintiff's objection that the COVID-19 vaccine was unsafe and could "cause serious harm and even death to the body" was "decidedly secular" and "scientific and medical, not religious."); *Stephens*, 2023 WL 7612395, at *6 (recognizing "fairly minimal" burden to allege conflict with religious belief but holding allegations that as a "devoutly religious member of the Christian faith who endeavors at all times to follow the teachings of Christ, [plaintiff] did not believe it was consistent with her faith to take the vaccine" did not meet even that minimal burden).

The Court agrees with Judge Mosman that it "boils down to a pleading requirement issue. Courts will not second-guess the reasonableness of a plaintiff's assertion that a requirement conflicts with her religious beliefs, but plaintiffs still must saw what the conflict is. This burden is minimal, but plaintiffs must still allege a conflict." *Bulek v. Kaiser Found. Hosp.*, No. 3:23-cv-

01585-MO, 2024 WL 1436134, at *3 (D. Or. April 3, 2024) (concluding allegations that exception was needed "based on [Plaintiff's] sincerely held religious beliefs as a devout Christian" failed to allege any conflict with employer's policy and plaintiff's religious beliefs). Because Plaintiff fails to plead a sincerely held religious belief that conflicted with an employment duty, his religious discrimination claims fail. *Peterson*, 358 F.3d at 606; *see Gage*, 2023 WL 3230986, at *3 (noting a "threadbare reference" to religious beliefs fails to establish the first element of a prima facie case for Title VII discrimination).

## IV. CONCLUSION

Defendant's Motion to Dismiss (ECF No. 12) is GRANTED. Because Plaintiff's exception request confirms Plaintiff did not provide Defendant with any reason to think the vaccine policy conflicted with any sincerely held religious belief, amendment would be futile and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 30th day of May, 2024.

________/s/ Michael McShane________

Michael McShane
United States District Judge